**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| BLUE SKY TOWERS III, LLC., <br><br> Plaintiff, <br><br> v. <br><br> APPEALS BOARD of the TOWN OF NOBLEBORO, MAINE, the PLANNING BOARD of the TOWN OF NOBLEBORO, MAINE and TOWN OF NOBLEBORO, MAINE, <br><br> Defendants. | Case No. 2:26-cv-00096-JCN |

**DEFENDANTS ANSWER TO**
**PLAINTIFF'S  COMPLAINT FOR DECLARATORY AND INJUNCTIVE**
**RELIEF AND EXPEDITED TREATMENT**

Defendants Appeals Board of the Town of Nobleboro, Maine, the Planning Board of the Town of Nobleboro, Maine and the Town of Nobleboro, Maine ("Nobleboro" or "Defendants"), by and through its undersigned counsel, submit their joint Answer to Plaintiff's Complaint for Declaratory and Injunctive Relief and Expedited Treatment ("Complaint"), as follows:

**Nature of Action**

1.      Admit in Part / Deny in Part. Defendants admit the description of Plaintiff's application. Defendants deny the balance of Paragraph 1.

2.      Deny.

3.      Deny.

4.      Deny.

5.      This paragraph states a procedural request and does not require a response. To the extent a response is required, Paragraph 5 is denied.

25520665.1

## The Parties

6.      Admit.

7.      Admit.

8.      Admit.

9.      Admit.

10.     Admit.

11.     Admit.

12.     Admit in part / deny in part. Defendants admit that the Town's Select Board is responsible for appointing members to the Planning Board and Board of Appeals. Defendants deny the balance of Paragraph 12.


## Jurisdiction and Venue

13.     This paragraph states a legal conclusion that does not require a response. To the extent a response is required, Paragraph 13 is denied.

14.     This paragraph states a legal conclusion that does not require a response. To the extent a response is required, Paragraph 14 is denied.

15.     This paragraph states a legal conclusion that does not require a response. To the extent a response is required, Paragraph 15 is denied.

16.     This paragraph states a legal conclusion that does not require a response. To the extent a response is required, Paragraph 16 is denied.

17.     This paragraph states a legal conclusion that does not require a response. To the extent a response is required, Paragraph 17 is denied.

18.     This paragraph states a legal conclusion that does not require a response. To the extent a response is required, Paragraph 18 is denied.

19.     This paragraph states a legal conclusion that does not require a response. To the extent a response is required, Paragraph 19 is denied.

### The Important Federal Interests at Issue in This Case

20. This paragraph states a legal conclusion that does not require a response. To the extent a response is required, Paragraph 20 is denied.

21. This paragraph states a legal conclusion that does not require a response. To the extent a response is required, Paragraph 21 is denied.

22. This paragraph states a legal conclusion that does not require a response. To the extent a response is required, Paragraph 22 is denied.

23. This paragraph states a legal conclusion that does not require a response. To the extent a response is required, Paragraph 23 is denied.

24. This paragraph states a legal conclusion that does not require a response. To the extent a response is required, Paragraph 24 is denied.

25. This paragraph states a legal conclusion that does not require a response. To the extent a response is required, Paragraph 25 is denied.

26. This paragraph states a legal conclusion that does not require a response. To the extent a response is required, Paragraph 26 is denied.

27. This paragraph states a legal conclusion that does not require a response. To the extent a response is required, Paragraph 27 is denied.

28. This paragraph states a legal conclusion that does not require a response. To the extent a response is required, Paragraph 28 is denied.

29. This paragraph states a legal conclusion that does not require a response. To the extent a response is required, Paragraph 29 is denied.

30. This paragraph quotes a statute and does not require a response.

31. This paragraph quotes a statute and does not require a response.

32. This paragraph states a legal conclusion that does not require a response. To the extent a response is required, Paragraph 32 is denied.

33. This paragraph quotes a statute and does not require a response.

34. This paragraph quotes a statute and does not require a response.

35. Admit.

36. This paragraph states a legal conclusion that does not require a response. To the extent a response is required, Paragraph 36 is denied.

37. This paragraph states a legal conclusion that does not require a response. To the extent a response is required, Paragraph 37 is denied.

## Blue Sky

38. Defendants lack information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 38.

39. Defendants lack information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 39.

## Verizon's Network

40. Defendants admit that Verizon is a federally licensed wireless telecommunications provider. The remainder of Paragraph 40 states a legal conclusion that does not require a response. To the extent a response is required, Paragraph 40 is denied.

41.     Defendants lack information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 41.

42.     Defendants lack information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 42.

43.     Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 43.

44.     Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 44.

45.     Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 45.

## Background Between the Parties

46.     Admit.

47.     Admit in part / deny in part. Defendants admit that the cited ordinance provision exists but deny the balance of Paragraph 47.

48.     Admit.

49.     Admit in part / deny in part. Defendants admit to the characterization of Plaintiffs' and Defendants' respective characterizations of the variance allowance, but deny the balance of Paragraph 49.

50.     Paragraph 50 does not set forth a statement of fact requiring a response.

## Planning Board Review

51.     Admit.

52.     Admit.

53.     Admit.

54.    Admit.

55.    Admit.

56.    Admit.

57.    Admit.

58.    Deny.

### Appeals Board Review

59.    Admit in part / deny in part. Defendants admit that Plaintiff's counsel submitted

the referenced letter but deny any assertions therein.

60.    Admit.

61.    Admit.

62.    Admit.

63.    Admit in part / deny in part. Defendants admit that Plaintiff submitted the

referenced information. To the extent Paragraph 63 suggests any conclusions that must be drawn

from that information, Paragraph 63 is denied.

64.    Admit.

65.    Admit.

66.    Admit.

67.    Admit.

68.    Admit.

69.    Admit.

70.    Admit.

71.    Admit in part / deny in part. Defendants admit that the Appeals Board denied the

dimensional standards variance and, in the alternative, the undue hardship variance and that it

6

declined to consider whether its decision constituted an effective prohibition of wireless service in violation of the TCA. Defendants deny the balance of Paragraph 71.

## Decision

72.    Admit.

73.    Admit.

74.    Admit.

75.    Admit in part / deny in part. Defendants admit that the Appeals Board made the referenced findings but deny the balance of Paragraph 75.

76.    Admit.

77.    Admit.

78.    Admit in part / deny in part. Defendants admit that the Appeals Board made the referenced findings but deny the balance of Paragraph 78.

79.    Deny.

80.    Deny.

## Irreparable Injury, Public Interest, and Balance of Hardships

81.    Deny.

82.    Deny.

83.    Deny.

84.    Deny.

85.    Deny.

86.    Deny.

## Allegations Supporting Declaratory Relief

87.    Deny.

88.    Deny.

89.    Deny.

## COUNT I

Violation of 47 U.S.C. § 332(c)(7)(B)(i)(II)-Effective Prohibition

90.    Defendants incorporate by reference their responses to all preceding paragraphs.

91.    Paragraph 91 quotes a statute and does not require a response.

92.    Paragraph 92 sets forth conclusions of law that do not require a response. To the extent a response is required Paragraph 92 is denied.

93.    Deny.

94.    Deny.

95.    Deny.

96.    Deny.

97.    Deny.

98.    Deny.

99.    Deny.

100.    Deny.

101.    Deny.

102.    Deny.

## COUNT II

Violation of 47 U.S.C. § 253(a)-The Ordinance,
On Its Face and as Applied to the
Application, is an Effective Prohibition of Service

103.    Defendants incorporate by reference their responses to all preceding paragraphs.

104.    Paragraph 104 sets forth conclusions of law that do not require a response. To the extent a response is required Paragraph 104 is denied.

105.    Deny.

106.    Deny.

107.    Deny.

108.    Deny.

## COUNT III

Violation of 47 U.S.C. § 332(c)(7)(B)(iii)-The Appeals Board Denial
Was Not Based on Substantial Evidence in the Written Record

109.    Defendants incorporate by reference their responses to all preceding paragraphs.

110.    Paragraph 110 sets forth conclusions of law that do not require a response. To the extent a response is required Paragraph 110 is denied.

111.    Deny.

112.    Deny.

113.    Deny.

114.    Deny.

115.    Admit.

116.    Deny.

117.    Deny.

118.    Deny.

119.    Deny.

120.    Deny.

121.    Deny.

122.    Deny.

## COUNT IV

### Maine Rule 80B-
The Appeals Board Abused its Discretion and Committed an Error of Law
By Failing to Consider Whether its Denial Constituted an Effective Prohibition of Wireless Services

123.    Defendants incorporate by reference their responses to all preceding paragraphs.

124.    Deny.

125.    Deny.

126.    Deny.

127.    Deny.

128.    Deny.

129.    Deny.

**WHEREFORE**, having fully answered Plaintiff's Complaint, Defendants deny that Plaintiff is entitled to any relief sought from it, deny all allegations against it directed or implied and respectfully request that this Court dismiss Plaintiff's Complaint with prejudice and grant Defendants their costs and any other further relief that this Court deems just and proper in the circumstances.

### GENERAL DENIAL

Any and all allegations in the Complaint that are not specifically admitted are hereby denied.

### FIRST AFFIRMATIVE DEFENSE

In the alternative, and without waiving their denial of liability, Defendants state that Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

In the alternative, and without waiving their denial of liability, Defendants state that Plaintiff has failed to exhaust its administrative remedies.

### THIRD AFFIRMATIVE DEFENSE

In the alternative, and without waiving their denial of liability, Defendants state that there has been no final administrative decision by the Town of Nobleboro and that Plaintiff's claims are unripe for judicial review.

### FOURTH AFFIRMATIVE DEFENSE

In the alternative, and without waiving their denial of liability, Defendants state that this Court lacks jurisdiction to hear Plaintiff's claims as set forth in its Complaint.

### FIFTH AFFIRMATIVE DEFENSE

In the alternative, and without waiving their denial of liability, Defendants state that Plaintiff is not entitled to legal fees under the Telecommunications Act.

### SIXTH AFFIRMATIVE DEFENSE

In the alternative, and without waiving their denial of liability, Defendants state that the Planning and Appeals Boards are not properly named as defendants in this action.

### SEVENTH AFFIRMATIVE DEFENSE

In the alternative, and without waiving their denial of liability, Defendants state that Plaintiff lacks standing to bring its claims, as it is not a telecommunications service provider and is not directly affected by any claimed effective prohibition.

## ADDITIONAL DEFENSES

Defendants reserve the right to assert and rely upon such other defenses, affirmative or otherwise, as may become known or available during discovery, and further reserves the right to amend its Answer to assert any such additional defenses.


Dated at Augusta, Maine this 10th day of April 2026.

Respectfully submitted,

By:    */s/ Kristin M. Collins*_____
       Kristin M. Collins, Esq., Bar No. 9793
       **PRETI FLAHERTY LLP**
       P.O. Box 1058
       45 Memorial Circle
       Augusta, ME 04332-1058
       Tel: 207-623-5300
       kcollins@preti.com


       *Attorneys for Defendants*
       *Appeals Board of the Town of Nobleboro, Maine,*
       *The Planning Board of the Town of Nobleboro,*
       *Maine, and the Town of Nobleboro, Maine*

## CERTIFICATE OF SERVICE

I, Kristin M. Collins, certify that on April 10, 2026, I electronically filed the within

Defendant's Answer to Plaintiff's Complaint for Declaratory and Injunctive Relief and

Expedited Treatment with the Clerk of Court using the CM/ECF system. Notice of this filing will

be sent to all parties of record and/or their counsel by operation of the Court's CM/ECF system.

Parties of record and/or their counsel may access this filing through the CM/ECF system.

Dated: April 10, 2026

/s/ Kristin M. Collins_____
Kristin M. Collins, Esq., Bar No. 9793
**PRETI FLAHERTY LLP**
P.O. Box 1058
45 Memorial Circle
Augusta, ME 04332-1058
Tel: 207-623-5300
kcollins@preti.com


*Attorneys for Defendants*
*Appeals Board of the Town of Nobleboro, Maine,*
*The Planning Board of the Town of Nobleboro,*
*Maine, and the Town of Nobleboro, Maine*

13